UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SKIBOKY SHAVAR STORA,

                              Plaintiff,                        **MEMORANDUM AND ORDER**

   -against-                                                       16-CV-6504 (RRM) (RML)

THE CITY OF NEW YORK (NEW YORK
POLICE DEPARTMENT); DETECTIVE CARL
McLAUGHLIN; and 67th PRECINCT,

                              Defendants.[1]
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

        Plaintiff Skiboky Shavar Stora,[2] appearing *pro se*, filed this action against defendants pursuant 42 U.S.C. § 1983. (*See* Compl. at 4.)[3] The Court grants Stora's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order. The complaint is dismissed in part, and Stora is granted leave to file an amended complaint within 30 days of the date of this order as set forth below.

## BACKGROUND

        Stora alleges that on November 15, 2016, while at home, he was "arrested and brought to the 67th Precint [sic]" and that during the course of the arrest he was hurt when the police kicked open the door to his home and the door hit him in the head. (Compl. at 5.) He further alleges that at the precinct he was "harassed by Detective Carl McLaughlin about a lawsuit [Stora] . . . filed against [the detective]." (*Id.*) Stora has an action pending in this court against McLaughlin

---

[1] This caption includes additional defendants named in the complaint. (*See* Compl. (Doc. No. 1) at 2–3.)

[2] Plaintiff has several cases pending before this Court. *See Stora v. Commissioner of Social Security*, No. 16-CV-6503 (RRM) (filed Nov. 22, 2016); *Stora v. City of New York*, No. 16-CV-4541 (ERK) (filed Aug. 15, 2016).

[3] All citations to pages of the complaint refer to the Electronic Case Filing System ("ECF") pagination.

under docket number 16-CV-4541 before Judge Korman. *See Stora v. City of New York*, No. 16-CV-4541 (ERK) (filed Aug. 15, 2016). Stora is represented by counsel in that case.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, the Court is required to dismiss an *in forma pauperis* action if the Court determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). But where a liberal reading of the complaint demonstrates that a valid claim could be stated, courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

## DISCUSSION

I. **Sufficiency of the Pleading**

Stora's claims against the 67th Police Precinct or the New York Police Department ("NYPD") must be dismissed. The 67th Precinct is a division of the NYPD, which is itself an organizational subdivision of the City of New York. As such, the NYPD and the precinct "lack[]

an independent legal existence and [are] therefore not . . . suable entit[ies]." *See, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (finding NYPD not a suable entity); *Thomas v. N.Y.P.D.*, No. 12-CV-6327 (JG), 2013 WL 431335, at *1 (E.D.N.Y. Feb. 4, 2013) ("The complaint cannot proceed against the NYPD or the DOC"); *Richardson v. N.Y.C. Police Dep't*, No. 12-CV-5753 (ARR), 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and its divisions, including the Transit Police, may not be sued directly; instead, any suit against a City agency must be brought against the City of New York."); *Johnson v. N.Y.C. Police Dep't*, No. 12-CV-5423 (BMC), 2012 WL 5607505, at *3 (E.D.N.Y. Nov. 15, 2012). For this reason, the complaint is dismissed as to the 67th Police Precinct and the NYPD for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Stora also fails to state a claim against the City of New York. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (finding that municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (finding plaintiff's complaint does not allege sufficient facts demonstrating that "a violation of [plaintiff's] constitutional rights resulted from a municipal custom or policy") (citation and internal quotation marks omitted); *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard . . . "); *see also Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (finding claim against municipal entity was properly

dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom policy or practice of the municipality"). Here, Stora provides no facts to infer the existence of a custom, policy, or practice that would justify municipal liability. Therefore, the complaint is dismissed as to the City of New York for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Next, Stora has failed to state sufficient facts to hold the remaining defendant, Carl McLaughlin, responsible for the alleged violation of Stora's civil rights on November 15, 2016. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 678–79. Here, Stora claims that he was "harassed" by defendant McLaughlin at the 67th Police Precinct, but he does not allege what McLaughlin did or failed to do that violated his civil rights. (*See* Compl. at 7.) Stora merely alleges that he "told [defendant McLaughlin] that he should not be addressing me because I am the plaintiff against him in a false arrest case." (*See id.* at 7.)

Finally, to the extent Stora seeks damages for the alleged injury at the time of his arrest, he must specify the personal involvement of the individual police officers who he claims "kicked open [his] house door," which hit him in the head. (Compl. at 7.) As currently pled, Stora has failed to set forth sufficient facts to state a claim to relief against McLaughlin or the individual police officers who he claims injured him at the time of his arrest.

## CONCLUSION

Accordingly, the complaint is dismissed as to the City of New York, the NYPD, and the 67th Police Precinct. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court shall amend the caption to

4

reflect the dismissal of these defendants, and no summons shall issue as to these defendants. However, in light of Stora's *pro se* status, Stora is granted leave to file an amended complaint against Detective McLaughlin and/or individual police officers involved in his arrest and injury on November 15, 2016.

If Stora elects to file an amended complaint, it must be captioned "Amended Complaint," bear the same docket number as this Order, and be filed within thirty (30) days from the entry of this Order. The amended complaint shall replace the original complaint. If Stora fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action shall be entered. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff Skiboky Shavar Stora, *pro se*, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      September 26, 2018

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge